UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
NUZAIRA M. RAHMAN                               :
                                                :    CASE NO. 1:08-CV-2041
        Plaintiff,                              :
                                                :
vs.                                             :    OPINION & ORDER
                                                :    [Resolving Doc. Nos. 3, 4, 9 & 10.]
MICHAEL CHERTOFF, *et al.*                      :
                                                :
        Defendants.                             :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this opinion and order, the Court resolves the motion to dismiss filed by Defendants Michael Chertoff, Emilio T. Gonzales, and Mark B. Hansen (collectively, the "Defendants") and opposed by Plaintiff Nuzaira M. Rahman and the motion for summary judgment filed by Plaintiff Rahman and opposed by the Defendants.

For the reasons set forth below, the Court **GRANTS** the Defendants' motion to dismiss, without prejudice, and **DENIES** the Plaintiff's motion for summary judgment.

**I. Background**

On August 22, 2008, Plaintiff Rahman, proceeding *pro se*, filed a Complaint seeking an adjudication of her naturalization application by the Court. [Doc. 1.] In the alternative, Rahman asked the Court to take jurisdiction over her case and to remand, thereby compelling the Defendants to adjudicate her naturalization application. [*Id.*] Rahman alleged that the Court had jurisdiction over her claim because the Defendants had not acted on her naturalization application within the statutorily

-1-

Case No. 1:08-CV-2041
Gwin, J.

prescribed period of 120 days. [*Id.*]

On September 19, 2008, the Defendants filed a motion to dismiss premised solely on the failure of service of process. [Doc. 3.] Following the filing of that motion, Plaintiff Rahman rectified the improper service of process and the Defendants were properly served on October 3, 2008. The Plaintiff, *pro se*, filed a timely response to the motion to dismiss on October 19, 2008, setting forth the same arguments as were articulated in the Complaint. [Doc. 4.]

On February 4, 2008, Plaintiff Rahman, proceeding *pro se*, filed a motion for summary judgment setting forth the same grounds for relief as were included in the Complaint and further saying that summary judgment should be granted in her favor because she had not received any communications from the Defendants and because the Defendants had neglected to file an Answer to the Complaint. [Doc. 9.] On February 10, 2009, the Defendants opposed Rahman's motion for summary judgment. [Doc. 10.] In this motion, the Defendants, for the first time, argued that the Court did not have jurisdiction over the case because the Plaintiff was currently in removal proceedings. The Defendants attached supporting documentation to this effect. [*Id.*]

The Court permitted the Defendants to answer Plaintiff Rahman's Complaint on February 11, 2008. [Doc. 12.] In the Answer, the Defendants stated that the case is moot because the Plaintiff's naturalization application was adjudicated on September 3, 2008 and that the Court has no subject matter jurisdiction under 8 U.S.C. § 1429 because the Plaintiff is currently in removal proceedings. [Doc. 13.]

**II. Legal Standard**

*A. Motion to Dismiss*

1. Lack of Subject Matter Jurisdiction

-2-

Case No. 1:08-CV-2041
Gwin, J.

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. Fed R. Civ. P. 12(b)(1); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the sufficiency of the pleading itself. In such cases, the Court takes all material allegations in the complaint as true, and construes them in a light most favorable to the nonmoving party. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)).

When responding to a facial attack on subject matter jurisdiction, the plaintiff's burden is not onerous. *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). On the contrary, the plaintiff can "survive the motion by showing any arguable basis in law for the claim made." *Id.*

On the other hand, a factual attack does not challenge the sufficiency of the pleading's allegations. Rather, it challenges the court's power to hear the case; i.e., the jurisdiction of the court. In these cases, no presumptive truthfulness applies to the factual allegations. Moreover, the plaintiff has the burden to prove the existence of jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990).

In reviewing a factual attack, a district court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 592 (internal citations omitted). The Court has wide discretion to allow affidavits, documents, and even conduct a limited evidentiary hearing if necessary. *Ohio Nat'l Life Ins.*, 922 F.2d at 325. Ultimately, the court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id.*

Case No. 1:08-CV-2041
Gwin, J.

### 2. Insufficiency of Service of Process

Federal Rule of Civil Procedure 12(b)(5) authorizes a district court to dismiss a complaint for insufficiency of service of process. The Plaintiff has the burden of establishing the validity of the service of process. *Metro. Alloys Corp. v. State Metals Indus.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006). The court may refer to record evidence in determining the sufficiency of service. *Thompson v. Kerr*, 555 F. Supp. 1090, 1093 (S.D. Ohio 1982).

Pursuant to Fed. R. Civ. P. 4(e)(1), service may be made upon individuals within a judicial district of the United States "pursuant to the law of the state in which the district court is located . . . ." Under Ohio R. Civ. P. 4.1(A), service of process may be made by certified or express mail. That rule requires that the clerk mail the summons and enter notice of this fact, as well as the return receipt, on the relevant docket. *Id.* The Plaintiff bears the burden of establishing the validity of the process. *See, e.g.*, *Saez Rivera v. Nissan Mfg. Co.*, 788 F.2d 819, 821 (1st Cir. 1986).

*B. Summary Judgment*

Summary judgment is appropriate where the evidence submitted shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A fact is material if its resolution will affect the outcome of the lawsuit." *Martingale, LLC v. City of Louisville*, 361 F.3d 297, 301 (6th Cir. 2004) (citing *Daughenbaugh v. City of Tiffin,* 150 F.3d 594, 597 (6th Cir. 1998) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986))).

The moving party meets its burden by "informing the district court of the basis for its motion,

-4-

Case No. 1:08-CV-2041
Gwin, J.

and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.,* 477 U.S. at 323 (quoting FED. R. CIV. P. 56(c)). However, the moving party is under no "express or implied" duty to "support its motion with affidavits or other similar materials negating the opponent's claim." *Id.*

Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). It is not sufficient for the nonmoving party merely to show that there is some existence of doubt as to the material facts. *See id.* at 586. Nor can the nonmoving party rely upon the mere allegations or denials of its pleadings. FED. R. CIV. P. 56(e).

In deciding a motion for summary judgment, the Court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *Thomas v. Cohen,* 453 F.3d 657, 660 (6th Cir. 2004) (citations omitted). "The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 288-89 (1968)). Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Martingale,* 361 F.3d at 301 (citing *Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc.,* 96 F.3d 174, 178 (6th Cir. 1996)) (internal quotations omitted).

### III. Analysis

Before the Court are the Defendants' motion to dismiss and Plaintiff Rahman's motion for

Case No. 1:08-CV-2041
Gwin, J.

summary judgment. Because the Plaintiff is currently in removal proceedings, the Court determines that it has no jurisdiction over the case and that it does not have jurisdiction to delve into the merits of the Plaintiff's summary judgment motion. The Court therefore grants the Defendants' motion to dismiss, without prejudice, and denies the Plaintiff's summary judgment motion.

According to the Sixth Circuit, "the restraints that [8 U.S.C.] § 1429 imposes upon the Attorney General prevent a district court from granting effective relief [for a request for adjudication of a naturalization application] . . . so long as removal proceedings are pending. The exclusive power to naturalize aliens rests with the Attorney General . . . and § 1429 bars the use of that power while removal proceedings are pending." *Zayed v. United States*, 368 F.3d 902, 906 (6th Cir. 2004). With this holding, the Sixth Circuit has determined that district courts cannot "grant naturalization relief [under 8 U.S.C. § 1447(b)] while removal proceedings are pending" because their authority "cannot be greater than that of the Attorney General." *Ajlani v. Chertoff*, 545 F.3d 229, 240 (2d Cir. 2008); *see also Zayed*, 368 F.3d at 906.

In approving of the Sixth Circuit's conclusion in *Zayed*, the Second Circuit held that to determine otherwise

> would be to restart the race that Congress attempted to end between naturalization and removal proceedings in the Internal Security Act of 1950 and various successor statutes, in circumstances where that race would appear particularly inappropriate, i.e., where information belatedly comes to the executive's attention indicating not only that an alien's naturalization application may have been improvidently granted but also that the alien should, in fact, be removed from the United States.

*Ajlani*, 545 F.3d at 240; *see also Saba-Bakare v. Chertoff*, 545 F.3d 337 (5th Cir. 2007) (holding, in the context of the plaintiff's invocation of § 1447(b) jurisdiction, that "§ 1429 requires that [the plaintiff] wait until the termination of the removal proceeding before either a district court or the

-6-

Case No. 1:08-CV-2041
Gwin, J.

USCIS entertains a question regarding his naturalization application"); *Bellajaro v. Schiltgen*, 378 F.3d 1042, 1046-47 (9th Cir. 2004) (concluding that the district court could not proceed to review the naturalization application itself, much less grant naturalization or even declare the applicant eligible for naturalization, because of the pending removal proceedings).

Decisions from the Northern District of Ohio have also determined that "[w]hile jurisdiction is bestowed upon the district courts pursuant to 8 U.S.C. § 1447(b) when the Attorney General fails to act after completion of the [naturalization] examination process, the jurisdiction is subject to limitation [where the plaintiff seeking naturalization is in removal proceedings]." *Fretas v. Hansen,* No. 1:06-CV-1475, 2008 WL 4404276, at * 4 (N.D. Ohio Sept. 23, 2008) (citing *Zayed*, 368 F.3d at 906).

When plaintiffs before the Northern District of Ohio have asserted jurisdiction under § 1447(b) while being in removal proceedings, this District Court has dismissed these plaintiffs' complaints for lack of jurisdiction and has declined to inquire into the merits of these plaintiffs' motions for summary judgment, holding that "until the question of deportation is resolved, there is nothing to adjudicate [for the district court]." *Id.* (citing *Sweilem v. U.S. Citizenship and Immigration Servs.*, No. 1:05CV125, 2005 WL 1123582, at *3 (N.D. Ohio May 10, 2005)); *see also Berlovan v. Gonzales*, No. 1:07-CV-39, 2007 WL 1965595, at *1 (N.D. Ohio July 3, 2007) (dismissing the plaintiff's complaint and holding that it could not "consider the merits of the [plaintiff's] application for naturalization" and that it therefore lacked "jurisdiction to grant the requested relief"; "its present jurisdiction [was] limited to a review of the threshold determination as to whether [the plaintiff] was in removal proceedings . . . ").

Here, the Defendants have demonstrated that Plaintiff Rahman has been in removal

Case No. 1:08-CV-2041
Gwin, J.

proceedings since April 7, 2008 and that an immigration judge denied her November 21, 2008 motion to terminate the removal proceedings on December 17, 2008. [Doc. 10, Ex. 7.] Thus, the Court does not have jurisdiction to either adjudicate Rahman's naturalization application or to remand, compelling the Defendants to adjudicate Rahman's application. Because Rahman will have an opportunity at the hearing before the immigration judge to present any matters in mitigation and against removal and because the Court lacks subject matter jurisdiction over the case, the Court cannot inquire into the merits of Rahman's motion for summary judgment. The Court thus denies Plaintiff Rahman's motion for summary judgment and grants the Defendants' motion to dismiss, without prejudice.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Defendants' motion to dismiss, without prejudice, and **DENIES** Plaintiff Rahman's motion for summary judgment.

IT IS SO ORDERED.


Dated: February 12, 2009          s/    *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE