UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------
                                        :
NUZAIRA M. RAHMAN                       :
                                        :        CASE NO. 1:08-CV-2041
                    Plaintiff,          :
                                        :
vs.                                     :        OPINION & ORDER
                                        :        [Resolving Doc. No. 16.]
MICHAEL CHERTOFF, *et al.*              :
                                        :
                    Defendants.         :
                                        :
-----------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Before the Court is Plaintiff Nuzaira M. Rahman's motion to reconsider the Court's February

12, 2009 opinion and order granting the motion to dismiss filed by Defendants Michael Chertoff,

Emilio T. Gonzales, and Mark B. Hansen (collectively, the "Defendants") and denying the Plaintiff's

motion for summary judgment. [Doc. 16; *see also* Doc. 14.] For the reasons stated below, the Court

**DENIES** Plaintiff Rahman's motion to reconsider.

                                      **I. Background**

        On August 22, 2008, Plaintiff Rahman, proceeding *pro se*, filed a Complaint seeking an

adjudication of her naturalization application by the Court. [Doc. 1.] In the alternative, Rahman asked

the Court to take jurisdiction over her case and to remand, thereby compelling the Defendants to

adjudicate her naturalization application.  [*Id.*] Rahman alleged that the Court had jurisdiction over

her claim because the Defendants had not acted on her naturalization application within the statutorily

prescribed period of 120 days. [*Id.*]

Case No. 1:08-CV-2041
Gwin, J.

On September 19, 2008, the Defendants filed a motion to dismiss premised solely on the failure of service of process. [Doc. 3.]   Following the filing of that motion, Plaintiff Rahman corrected the improper service of process and the Defendants were properly served on October 3, 2008.  The Plaintiff, *pro se*, filed a timely response to the motion to dismiss on October 19, 2008, setting forth the same arguments as were articulated in the Complaint. [Doc. 4.]

On February 4, 2008, Plaintiff Rahman, proceeding *pro se*, filed a motion for summary judgment setting forth the same grounds for relief as were included in the Complaint and further saying that summary judgment should be granted in her favor because she had not received any communications from the Defendants and because the Defendants had neglected to file an Answer to the Complaint. [Doc. 9.]  On February 10, 2009, the Defendants opposed Rahman's motion for summary judgment. [Doc. 10.] In this motion, the Defendants, for the first time, argued that the Court did not have jurisdiction over the case because the Plaintiff was currently in removal proceedings.  The Defendants attached supporting documentation to this effect. [*Id.*]

The Court permitted the Defendants to answer Plaintiff Rahman's Complaint on February 11, 2008. [Doc. 12.]  In the Answer, the Defendants stated that the case is moot because the Plaintiff's naturalization application was adjudicated on September 3, 2008 and that the Court has no subject matter jurisdiction under 8 U.S.C. § 1429 because the Plaintiff is currently in removal proceedings. [Doc. 13.]

On February 12, 2009, the Court issued an opinion and order granting the Defendants' motion to dismiss without prejudice and denying Plaintiff Rahman's motion for summary judgment. Doc. 14.] On March 31, 2009, Rahman filed a motion to reconsider this opinion and order.  [Doc. 16.]

Case No. 1:08-CV-2041
Gwin, J.

## II. Legal Standard

The  Federal Rules do not describe motions to reconsider.  The Sixth Circuit, however, has held that a  motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment.  *See Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979) ("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.").  Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose. *See Wells Fargo Bank v. Daniels,* No. 1:05-CV-2573, 2007 WL 3104760, at *1 (N.D. Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). In addition, Fed. R. Civ. P. 59(e) states "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

A court may grant a motion to amend or alter judgment if a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'"  *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)).  When the "defendant views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991).

Case No. 1:08-CV-2041
Gwin, J.

### III. Analysis

The Court denies Plaintiff Rahman's motion for reconsideration both because it is untimely and because Rahman does not show that a clear error of law or newly discovered evidence exists, an intervening change in controlling law has occurred, or that the granting of the motion to reconsider would prevent  manifest injustice.

First, Plaintiff Rahman filed her motion to reconsider the Court's February 12, 2009 opinion and order on March 31, 2009, more than a month and a half (and certainly more than 10 days) after the entry of judgment.  As a result, this motion is untimely.

Second, Rahman does not demonstrate, with her motion, that a clear error of law or newly discovered evidence exists, an intervening change in controlling law has occurred, or that the granting of the motion to reconsider would prevent  manifest injustice.

The case law and arguments presented by Rahman in her brief do not contradict the Court's finding that this Court does not have jurisdiction to adjudicate Rahman's naturalization application because she is currently in removal proceedings.  According to the Sixth Circuit, "the restraints that [8 U.S.C.] § 1429 imposes upon the Attorney General prevent a district court from granting effective relief [for a request for adjudication of a naturalization application] . . . so long as removal proceedings are pending.  The exclusive power to naturalize aliens rests with the Attorney General . . . and § 1429 bars the use of that power while removal proceedings are pending." *Zayed v. United States*, 368 F.3d 902, 906 (6th Cir. 2004). With this holding, the Sixth Circuit has determined that district courts cannot "grant naturalization relief [under 8 U.S.C. § 1447(b)] while removal proceedings are pending" because their authority "cannot be greater than that of the Attorney General." *Ajlani v. Chertoff*, 545 F.3d 229, 240 (2d Cir. 2008); *see also* *Zayed*, 368 F.3d at 906.

-4-

Case No. 1:08-CV-2041
Gwin, J.

In approving of the Sixth Circuit's conclusion in *Zayed*, the Second Circuit held that to determine otherwise

> would be to restart the race that Congress attempted to end between naturalization and removal proceedings in the Internal Security Act of 1950 and various successor statutes, in circumstances where that race would appear particularly inappropriate, i.e., where information belatedly comes to the executive's attention indicating not only that an alien's naturalization application may have been improvidently granted but also that the alien should, in fact, be removed from the United States.

*Ajlani*, 545 F.3d at 240; *see also Saba-Bakare v. Chertoff*, 545 F.3d 337 (5th Cir. 2007) (holding, in the context of the plaintiff's invocation of § 1447(b) jurisdiction, that "§ 1429 requires that [the plaintiff] wait until the termination of the removal proceeding before either a district court or the USCIS entertains a question regarding his naturalization application"); *Bellajaro v. Schiltgen*, 378 F.3d 1042, 1046-47 (9th Cir. 2004) (concluding that the district court could not proceed to review the naturalization application itself, much less grant naturalization or even declare the applicant eligible for naturalization, because of the pending removal proceedings).

Decisions from the Northern District of Ohio have also determined that "[w]hile jurisdiction is bestowed upon the district courts pursuant to 8 U.S.C. § 1447(b) when the Attorney General fails to act after completion of the [naturalization] examination process, the jurisdiction is subject to limitation [where the plaintiff seeking naturalization is in removal proceedings]." *Fretas v. Hansen*, No. 1:06-CV-1475, 2008 WL 4404276, at * 4 (N.D. Ohio Sept. 23, 2008) (citing *Zayed*, 368 F.3d at 906).

Here, Plaintiff Rahman has not presented case law that clearly (or at all) contradicts that cited by the Court in support of its February 12, 2009 decision.  Rahman does not refute the fact that she is currently subject to removal proceedings.  Finally, she does not suggest that newly discovered

Case No. 1:08-CV-2041
Gwin, J.

evidence exists, an intervening change in controlling law has occurred, or that the granting of the

motion to reconsider would prevent manifest injustice. Thus, the Court denies Rahman's motion to

reconsider.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff Nuzaira M. Rahman's motion to

reconsider its February 12, 2009 opinion and order.

IT IS SO ORDERED.


Dated: April 2, 2009                              s/        *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED   STATES   DISTRICT   JUDGE